# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CIVIL ACTION NO. 1:08CV-9-M

**SPENCE HOLDING, INC. and**
**KEETON CORRECTION, INC.**                                             **PLAINTIFFS**

**V.**

**LIFESKILLS, et al.**                                                                       **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Fully briefed, this matter is ripe for decision. For the reasons stated herein, the Defendants' Motion is GRANTED [DN 14].

**I. Facts**

The Plaintiffs, Spence Holding, Inc. (Spence), and Keeton Correction, Inc. (Keeton), allege that in July, 2007, they entered into a valid contract to purchase real estate from Defendant LifeSkills, Inc. (Lifeskills). The land is located at 707 E. Main, Bowling Green, Kentucky. The Plaintiffs' claims here are alleged against Defendants Lifeskills; the City of Bowling Green; the City's manager, Kevin D. DeFebbo; the City's Board of Commissioners; and each individual Commissioner, including Joe Denning, Brian Strow, Bruce Wilkerson, Brian Nash, and Elaine Walker. The Plaintiffs allege that while they were completing due diligence and awaiting a zoning change related to the property, the City interfered and purchased the property out from under the Plaintiffs.

The Plaintiffs intended to purchase the property in order to construct and operate a halfway house for recently released inmates there. Their contract for purchase was conditioned upon a change in zoning that would allow for the construction of the halfway house. While due diligence was being completed, Spence encountered difficulties obtaining the zoning change, however, it was eventually obtained. During the time allowed for due diligence, the Defendants met in closed sessions to discuss the City's acquisition of the property. It is alleged that the Defendants leaked inaccurate information to the news media in order to raise public opposition to the halfway house. Ultimately, Lifeskills entered into a contract to sell the property to the City of Bowling Green. The City purchased the land in December, 2007.

The Plaintiffs allege that the Defendants' meetings where the purchase was discussed were held in violation of Kentucky's Open Door Statute. Plaintiffs also assert state law claims for breach of contract and tortious interference with contract. The Plaintiffs assert that the Defendants engaged in extortion when purchasing the property, and that they therefore violated RICO. Plaintiffs assert that they had a property interest in the property and that the City's purchase constituted an unlawful taking in violation of the 5th and 14th Amendments, actionable under 42 U.S.C. § 1983. Finally, the Plaintiffs assert that the Defendants engaged in a private conspiracy actionable under 42 U.S.C. § 1985.

## II. Legal Standard

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court "must construe the complaint in the light most favorable to [the plaintiff], accept all well-pled factual allegations as true and determine whether [the plaintiff] undoubtedly can prove no set of facts consistent with [its] allegations that would entitle [it] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); Bredesen, 500 F.3d at 527. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." Id. (citing Twombly, 127 S.Ct. at 1965). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id. (citing Twombly, 127 S.Ct. at 1969).

## III. Discussion

The Defendants have raised arguments in support of their Motion to Dismiss as they relate to each of the Plaintiffs' claims. Each claim will be addressed in turn.

**A.  42 U.S.C. § 1985**

The Plaintiffs allege a conspiracy to deprive them of their constitutional rights under 42 U.S.C. § 1985.  The Defendants assert that a claim raised under 42 U.S.C. § 1985 must assert a class-based animus in order to proceed.

> To demonstrate a private conspiracy under § 1985(3) the plaintiff must prove (1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen.

Collyer v. Darling, 98 F.3d 211, 233 (6th Cir. 1996).  To establish the conspiracy, the plaintiff must show a "class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993).  While § 1985 once applied only to conspiracies conducted under the color of state law, it has since been expanded to include private conspiracies as well.  The requirement of the invidiously discriminatory motivation is imposed in order to prevent § 1985 from developing into general federal tort law. Bray, 506 U.S. at 268.

The question for the Court, therefore, is whether the Plaintiffs have alleged that the Defendants conspired to deprive a specific class of persons of their protected rights.  The Defendants submit that no class based animus was alleged, but the Plaintiffs respond that the animus is directed toward the unpopularity of convicted criminals and recently released inmates who would inhabit the halfway house that the Plaintiffs wished to build.

"A class protected by section 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." <u>Haverstick Enterprises, Inc. v. Financial Federal Credit</u>, 32 F.3d 989, 994 (6th Cir. 1994). The reach of the class definition required for claims under § 1985 is narrow. In <u>Averitt v. Cloon</u>, the plaintiff alleged that a § 1985 conspiracy against him was based on his status as a convicted criminal, but the Sixth Circuit rejected the contention that a status as a criminal constituted a class or the type of class that § 1985 protects. 796 F.2d 195, 198 (6th Cir. 1986).

Plaintiffs submit no legal authority for the proposition that recently released inmates or inhabitants of halfway houses may constitute a class for purposes of § 1985. The Sixth Circuit has repeatedly found that § 1985 is a limited, rather than expansive, method for recovery. This Court therefore concludes that recently released inmates who wish to live in a halfway house do not constitute a class under § 1985. Because no other class-based animus has been alleged, the Plaintiffs' § 1985 allegations do not state claim upon which relief may be granted.

**B. RICO**

The Plaintiffs assert racketeering behavior in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). <u>18 U.S.C. § 1962</u>. The Plaintiffs have alleged that the Defendants extorted the purchase of the property from Lifeskills despite a contract to sell to Spence by exercising the inherent threat of governmental authority. The Defendants submit that the actions alleged do not sufficiently state RICO claims, and therefore the claims must be dismissed.

"To prove a RICO violation, [the plaintiff] must show: 1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above." Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993). To satisfy the first prong of two predicate offenses, the defendant must have engaged in at least two acts of racketeering activity as itemized in 18 U.S.C. § 1961.[1] Id.

In this case, consideration of D'Ambrosi's first prong–whether there were two predicate offenses of racketeering activity–is dispositive. 4 F.3d at 1385. The Plaintiffs submit that extortion is the racketeering activity at issue. Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. 1951(b)(2). The Plaintiffs allege that because the City of Bowling Green acted under the color of official right in obtaining the property, its actions constitute racketeering activity. Extortion "under color of official right" occurs when government officials use the authority of office to obtain unearned money or property. United States v. Gray, 521 F.3d 514, 533 (6th Cir. 2008). It is not necessary for the plaintiff to show that the defendants engaged in force or violence. U.S. v. Adair, 951 F.2d 316, 318 (11th Cir. 1992). The claim is based upon the misuse of

---

[1] "[R]acketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical. . . 18 U.S.C. § 1961 (1).

authority. United States v. Wingo, 723 F.Supp. 798. 803-04 (N.D.Ga. 1989). No actual or threatened force is necessary to establish a claim because the coercive element is supplied by the existence of public office itself. U.S. v. Adair, 951 F.2d at 318.

Here, the Plaintiffs must show that the Defendants obtained property in exchange for performance or nonperformance of official duties. Adair, 951 F.2d 316. The essential element of extortion under color of official right is the use of public office to accomplish acts unrelated to the duties of public office that can only be undertaken because of the position. United States v. Scacchetti, 668 F.2d 643, 647 (2d Cir. 1982). Extortion is not present, however, when officials are performing the normal administrative duties that relate to land use or zoning ordinances. Gillmor v. Thomas, 490 F.3d 791, 799 (10th Cir. 2007). This case addresses a governmental purchase of land, rather than the zoning of land. Nonetheless, purchasing land is an action that municipalities regularly engage in. The Plaintiffs have submitted no evidence that the City used extortion to gain the property at issue. The Plaintiffs simply assert that because the Defendants are public officials, it is clear that they acted under the color of official right in purchasing the property. But the position advanced by the Plaintiffs would define every acquisition of property by a municipality as extortion. The Plaintiffs have not alleged facts indicating that the Defendants misused their power in negotiating the purchase of the land. Without alleging that the Defendants gained unearned money or property, racketeering activity has not been alleged. Allegations of the purchase of land by the Defendants does not sufficiently plead a RICO claim.

In the alternative, even if the Plaintiffs had sufficiently alleged acts of extortion, a

municipality cannot form the requisite intent to qualify as an enterprise under RICO. An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961. Municipal corporations, however, are excluded from this definition. See, e.g., United States v. Thompson, 669 F.2d 1143, 1148 (6th Cir. 1982)(RICO's remedial provisions show that government entities are neither appropriate nor intended RICO 'enterprises.'"); County of Oakland by Kuhn v. City of Detroit, 784 F.Supp. 1275, 1283 (E.D. Mich. 1992)("[A] municipal corporation cannot form the requisite criminal intent and cannot be held liable under the civil RICO laws."); Smallwood v. Jefferson County Gov't, 743 F.Supp. 502 (W.D. Ky. 1990)([A] municipal corporation is an artificial person and lacked the capability to form the mens rea requisite to the commission of the predicate acts."). The Plaintiffs respond to the cases submitted above with case law found outside of the Sixth Circuit. See Nu-Life Construction Corp. V. Board of Education of the City of New York, 779 F. Supp. 248, 251 (E.D. NY 1991). While the New York District Court in Nu-Life concluded that a municipality was a "person" within the meaning of RICO, this Court relies on the weight of the authority within the Sixth Circuit to conclude that a municipality is not capable of forming the requisite intent to be liable under RICO. Thus, even if the predicate acts of extortion had occurred, this Court would find that RICO claims could not be levied against the City of Bowling Green.

### C.  42 U.S.C. § 1983

The Defendants assert that the Plaintiffs § 1983 claims are tort claims being presented

as constitutional violations. The Defendants correctly assert that "many acts that might constitute violations of state tort law do not amount to constitutional violations." Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). However, the Plaintiffs have alleged that the Defendants' actions constitute an unconstitutional taking in violation of the Plaintiffs' Fifth and Fourteenth Amendments.

The Plaintiffs' § 1983 claim is predicated upon the theory that they held a property interest in the parcel of land 707 E. Main in Bowling Green, and that the City's purchase constituted a taking of that interest. Even assuming a valid property interest, the Plaintiffs did not suffer an unconstitutional taking at the hands of the City. The City did not exercise any right of condemnation in order to acquire the property. Nor did the City utilize any of its regulatory powers to effectuate its purchase. The City simply purchased the property from its owner, Lifeskills, Inc. The Plaintiffs certainly have alleged valid state contract and tort claims against the Defendants, however, the factual allegations do not constitute a taking under the Fifth amendment. As such, the Plaintiffs § 1983 claim fails. It is unnecessary to address the remaining issues related to the § 1983 claim.

### D. Pendent Jurisdiction

The Defendants submit that the Court should decline to exercise supplemental jurisdiction over the state law claims because all of the federal claims should be dismissed. See 28 U.S.C. § 1367(c). Having found no viable federal claim, it is appropriate for this Court to decline to exercise pendent jurisdiction over the related state law claims.

**IV. Conclusion**

For the reasons stated herein, it is hereby ordered that the Defendants' Motion to Dismiss is GRANTED.

cc: counsel of record